# Exhibit A

8/5/2015 9:01:34 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6359053
By: <<Name>>
Filed: 8/5/2015 9:01:34 AM

## 2015-45557 / Court: 125

NO. _____

| | | |
|---|---|---|
| JUAN CABANAS-TOLEDO | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEFENDANT PAMELA C. COOPER, | § | HARRIS COUNTY TEXAS |
| (a) Individually, (b) as Trustee of Bill R. | § | |
| Hablinski, (c) as Trustee of the Bill R. | § | |
| Hablinski Living Trust, (d) as | § | |
| Representative/Administrator of the Estate | § | |
| of Bill R. Hablinski, (e) as Beneficiary of | § | |
| the Estate of Bill R. Hablinski, and (f) as | § | |
| Next of Kin of Bill R. Hablinski; | § | |
| DEFENDANT THE ESTATE OF BILL R. | § | |
| HABLINSKI | § | |
| DEFENDANT BILL R. HABLINSKI | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND INITIAL DISCOVERY

Plaintiff files this Original Petition, Jury Demand, and Initial Discovery.

### I.   NATURE OF ACTION

1.     Plaintiff files this action against Defendants for negligence and gross negligence that caused a motor vehicle crash and resulted in severe personal injuries.

### II.   JURISDICTION & VENUE

2.     Venue and jurisdiction are proper in this County because Defendants are residents of Harris County and because a substantial part of the events and omissions giving rise to the causes of action occurred here.  Plaintiff seeks damages within the jurisdictional limits of this Court.

### III.   DISCOVERY LEVEL

3.     Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

46196273.1

## IV.   PARTIES

4.     Plaintiff is resident of Texas.

5.     Defendant Pamela C. Cooper (a) Individually, (b) as Trustee of Bill R. Hablinski, (c) as Trustee of the Bill R. Hablinski Living Trust, (d) as Representative/Administrator of the Estate of Bill R. Hablinski, (e) as Beneficiary of the Estate of Bill R. Hablinski, and (f) as Next of Kin of Bill R. Hablinski is a resident of Texas and may be served at 18930 Candlecreek Drive, Spring, Texas 77388, Harris County, Texas, or wherever else she may be found.

6.     Defendant Bill R. Hablinski is a resident of Texas and may be served at  18930 Candlecreek Drive, Spring, Texas 77388, Harris County, Texas, or wherever else his representative may be found.

7.     Defendant Estate of Bill R. Hablinski is a resident of Texas and may be served at 18930 Candlecreek Drive, Spring, Texas 77388, Harris County, Texas, or wherever else its representative may be found.

## V.   FACTS

8.     On or about August 19, 2013, Defendant Bill R. Hablinski was traveling west in or around the 2500 block of Spring Stuebner, when he accessed the left turn lane in order to turn left into a private drive way, and then Defendant negligently failed to yield the right of way by turning left in front of Plaintiff's company truck, resulting in a collision.  As a result of the crash, Plaintiff has suffered severe bodily injuries requiring medical treatment.  The other-named Defendants are responsible for Defendant Bill R. Hablinski's negligence, and/or for paying damages/proceeds received from the estate/property of Bill R. Hablinski or contained within the estate/property.

## VI.   CAUSES OF ACTION

**A.     <u>Negligence</u>**

9.     Plaintiff was injured by Defendants' negligence including:

- failure to reasonably operate the motor vehicle

- failure to provide proper training and supervision

- failure to brake to avoid the collision

- failure to apply brakes in a timely manner

- failure to keep a proper lookout

- driving at speed that exceeded that which a reasonably prudent person in the same or similar circumstances would have driven

- failure to control speed

- failure to steer to avoid the collision

- failure to sound horn to warn of the collision

- other acts deemed negligent

10.     Defendants' negligence proximately caused Plaintiff's injuries.

**B.     Negligence Per Se**

11.     Defendants' negligence is an unexcused breach of Chapter 545 of the Texas Transportation Code.  Chapter 545 was intended to protect Plaintiff, and Plaintiff's injuries are the kind the law was designed to protect against.  Defendants' acts or omissions proximately caused Plaintiff's injuries.

**C.     Gross Negligence**

12.     Defendants' conduct when viewed objectively involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendants had actual subjective awareness of the risk involved but proceeded anyway with conscious indifference to the rights, safety, and welfare of others.

## VII.   DAMAGES

13.     Plaintiff seeks damages within the jurisdictional limits of this Court not to exceed $200,000 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

14.     The damages Plaintiff seeks include:

- Compensatory damages
- Actual damages
- Consequential damages
- Lost future income
- Lost past income
- Past medical care
- Future medical care
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Past loss of household services
- Future loss of household services
- Past loss of consortium

- 4 -

- Future loss of consortium

- Interest on damages (pre- and post-judgment)

- Court costs

- Expert witness fees

- Deposition costs

- Attorneys' fees

- Exemplary damages

- Other relief as the Court may deem just and proper

## VIII.   CONDITIONS PRECEDENT

15.    All conditions precedent have been performed or have occurred.

## IX.   REQUEST FOR DISCLOSURE

16.    Plaintiff requests that Defendants timely disclose the information and materials required by Texas Rule of Civil Procedure 194.2(a)-(l).

## X.   JURY DEMAND

17.    Plaintiff request a jury trial.  Tex. R. Civ. P. 216(a).

## XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial the Court will award Plaintiff the relief requested above and all other just relief.

MORROW & SHEPPARD LLP


/s/ John D. Sheppard
_____
   John D. Sheppard
   State Bar No. 24051331
   jsheppard@morrowsheppard.com
   Nicholas A. Morrow
   State Bar No. 24051088
   nmorrow@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX 77098
Telephone:   (713) 489-1206
Facsimile:   (713) 893-8370

**Attorneys for Plaintiff**