# Exhibit B



# Notice of Service of Process

null / ALL
Transmittal Number: 15394347
Date Processed: 07/18/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property and Casualty Insurance Company |
| **Title of Action:** | Juan Cabanas-Toledo vs. Allied Property and Casualty Insurance Company |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 201545557 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/18/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Morrow & Sheppard LLP<br>713-489-1206 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0063 2638

**Return Receipt (Electronic)**

2016268040-1

Allied Property and Casualty Insurance Company
Agent, Corporation Service Company
211 E 7th St Ste 620
Austin, TX 78701

CUT / FOLD HERE

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

July 15, 2016

Allied Property and Casualty Insurance Company
Agent, Corporation Service Company
211 E 7th St Ste 620
Austin, TX 78701

**2016-268040-1**
Include reference number in all correspondence

RE: Juan Cabanas-Toledo VS Pamela C Cooper, et al
125th Judicial District Court Of Harris County, Texas
Cause No: 201545557

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on July 11, 2016.

CERTIFIED MAIL #71901046470100632638

Refer correspondence to:

John D. Sheppard
Morrow & Sheppard LLP
3701 Kirby Dr, Ste 840
Houston, TX 77098

Sincerely,



Venita Okpegbue
Team Leader, Service of Process
GF/lc
Enclosure

CAUSE NO.   201545557

| | |
|---|---|
| RECEIPT NO.  23408         0.00    CIV | |
| 06-23-2016                TR # 73260249 | |
| PLAINTIFF: CABANAS-TOLEDO, JUAN<br>vs.<br>DEFENDANT: COOPER, PAMELA C (INDIVIDUALLY AS TRUSTEE OF BILL R HABLINSKI AS | In The   125th<br>Judicial District Court<br>of Harris County, Texas<br>125TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

**COPY OF PLEADING PROVIDED BY PLTD.**

TO: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY MAY BE SERVED THROUGH
    ITS AGENT CORPORATION SERVICE COMPANY
    211  E 7TH ST STE 620   AUSTIN   TX  78701
    Attached is a copy of <u>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION JURY DEMAND AND DISCOVERY REQUESTS</u>

This instrument was filed on the <u>17th day of May, 2016</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 23rd day of June, 2016, under my hand and seal of said Court.

<u>Issued at request of</u>:
SHEPPARD, JOHN DENIS
3701  KIRBY DRIVE, SUITE 840
HOUSTON, TX   77098
Tel: (713) 489-1217
<u>Bar No.</u>:  24051331

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: DENMON, BRIANNA JANEL
3B5/DBG/10416917

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                       _____
                                       _____ of _____County, Texas

                                   By _____
_____                                Deputy
       Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                       _____
                                                   Notary Public

RECEIVED
SECRETARY OF STATE
JUL 1 1 2016       268040

N.INT.CITR.P               *73260249*

Service of Process

5/17/2016 5:51:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10684429
By: bradley darnell
Filed: 5/17/2016 5:51:47 PM

NO. 2015-45557

| | | |
|---|---|---|
| JUAN CABANAS-TOLEDO | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | HARRIS COUNTY TEXAS |
| INSURANCE COMPANY; | § | |
| PAMELA C. COOPER | § | |
|    (a) Individually, (b) as Trustee of Bill R. | § | |
|    Hablinski, (c) as Trustee of the Bill R. | § | |
|    Hablinski Living Trust, (d) as | § | |
|    Representative/Administrator of the Estate | § | |
|    of Bill R. Hablinski, (e) as Beneficiary of | § | |
|    the Estate of Bill R. Hablinski, and (f) as | § | |
|    Next of Kin of Bill R. Hablinski; | § | |
| DEFENDANT THE ESTATE OF BILL R. | § | |
| HABLINSKI; | § | |
| DEFENDANT BILL R. HABLINSKI | § | 125TH JUDICIAL DISTRICT |
| | | |
| Defendants. | | |

## PLAINTIFF'S FIRST AMENDED PETITION, JURY DEMAND, AND DISCOVERY

Plaintiff files this petition, jury demand, and discovery.

### I. NATURE OF ACTION

1. This case arises from severe personal injuries suffered in a motor vehicle crash that killed one man and severely injured Plaintiff.

### II. JURISDICTION & VENUE

2. Venue and jurisdiction are proper in this County because Defendants are residents of Harris County and because a substantial part of the events and omissions giving rise to the causes of action occurred here. Plaintiff seeks damages within the jurisdictional limits of this Court.

Certified Document Number: 70287763 - Page 1 of 9

### III. DISCOVERY LEVEL

3. Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV. PARTIES

4. Plaintiff is resident of Texas.

5. Answers have been filed on behalf of Defendant Estate of Bill R. Hablinski; Defendant Bill R. Hablinski; and Pamela C. Cooper (a) Individually, (b) as Trustee of Bill R. Hablinski, (c) as Trustee of the Bill R. Hablinski Living Trust, (d) as Representative/Administrator of the Estate of Bill R. Hablinski, (e) as Beneficiary of the Estate of Bill R. Hablinski, and (f) as Next of Kin of Bill R. Hablinski.

6. Defendant Allied Property and Casualty Insurance Company ("Defendant Insurer") is an insurance company that does business in Texas and may be served through its agent Corporation Service Company; 211 E 7th St Ste 620; Austin Texas 78701.

### V. FACTS

7. On or about August 19, 2013, Defendant Driver Bill R. Hablinski was traveling west in or around the 2500 block of Spring Stuebner, when he accessed the left turn lane in order to turn left into a private drive way, and then Defendant Driver negligently failed to yield the right of way by turning left in front of Plaintiff's company truck, resulting in a collision. As a result of the crash, Plaintiff has suffered severe bodily injuries requiring medical treatment.

8. Plaintiff has recovered Defendant Driver's liability policy limits with consent from Defendant Insurance Company. Defendant Driver did not, however, have sufficient insurance coverage to compensate Plaintiff for the damages sustained.

9. Because of the severe injuries suffered, and because Defendant Driver was an underinsured motorist, Plaintiff has applied for underinsured motorist benefits under the Defendant

Certified Document Number: 70287763 - Page 2 of 9

Insurance Company's policy covering Plaintiff that was in full force and effect when the Incident occurred. Defendant Insurance Company has refused to respond to Plaintiff's application.

## VI.   CAUSES OF ACTION

### A.   Negligence

10.   Plaintiff was injured by Defendant Driver's negligence including:

- failure to reasonably operate the motor vehicle
- failure to provide proper training and supervision
- failure to brake to avoid the collision
- failure to apply brakes in a timely manner
- failure to keep a proper lookout
- driving at speed that exceeded that which a reasonably prudent person in the same or similar circumstances would have driven
- failure to control speed
- failure to steer or otherwise maneuver to avoid the collision
- Failure to yield right of way
- failure to sound horn to warn of the collision
- other acts deemed negligent

11.   Defendant Driver's acts constitute negligence that caused or contributed to Plaintiff's injuries.

### B.   Negligence Per Se

12.   Defendant Driver's negligence is an unexcused breach of Chapter 545 of the Texas Transportation Code. Chapter 545 was intended to protect Plaintiff, and Plaintiff's injuries are the kind the law was designed to protect against. Defendant Driver's acts or omissions proximately caused Plaintiff's injuries.

### C.   Gross Negligence

13.   Defendant Driver's conduct when viewed objectively involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendant Driver had actual subjective awareness of the risk involved but proceeded anyway with conscious indifference to the rights, safety, and welfare of others.

14. In causing the Incident, Defendant Driver was:

- Willfully and wantonly operating his motor vehicle at an excessive rate of speed or, in the alternative, traveling at a greater rate of speed than would a person of ordinary prudence under the same or similar circumstances, without regard for the rights, safety, or welfare of others;
- Willfully and wantonly failing to maintain proper control of the motor vehicle, without regard for the rights, safety, or welfare of others; or
- Recklessly driving a vehicle in willful or wanton disregard for the rights, safety, or welfare of persons or property.
- Engaged in other grossly negligent acts to be proven at trial.

15. Defendant Driver's gross negligence proximately caused Plaintiff's injuries.

### D. Breach of Duty of Good Faith & Fair Dealing

16. Defendant Insurance Company breached its duty of good faith and fair dealing by failing to offer a reasonable settlement for Plaintiff's claim for underinsured motorist benefits. Defendant Insurance Company owed the duty of good faith and fair dealing to Plaintiff, and Plaintiff is entitled to recover damages proximately caused by Defendant Insurance Company's breach of the duty of good faith and fair dealing.

17. Defendant failed and/or caused the following to occur:

- Unreasonable delay of settlement
- Failure to timely pay a claim
- Plaintiff was forced to hire a lawyer and file suit to recover reasonable compensation for injuries and damages
- Failure to timely and reasonably evaluate Plaintiff's claim
- Employing the services of Agent in the first party case
- Failure to employ or enlist a medical doctor with an ongoing practice authorized to practice in hospitals and who performs similar services for real patients, and instead employing database techniques and/or persons with lack of requisite skill and competence to evaluate Plaintiff's injuries
- Delay in responding to Plaintiff and/or his lawyers
- Evaluating and treating Plaintiff as a third party claimant
- Other acts and omissions to be proven at trial

18. Defendant Insurance Company's evaluation or lack thereof was done in an effort to delay and deny a reasonable settlement offer. Defendant Insurance Company has unreasonably

denied Plaintiff benefits under the applicable insurance policy. Defendant Insurance Company's basis for refusing to pay a fair settlement amount was not reasonable and Defendant Insurance Company knew or should have known that. Defendant Insurance Company's wrongful denial of payments has caused Plaintiff to suffer damages including mental anguish. Defendant Insurance Company investigated and evaluated Plaintiff's claim with the intention of denying and delaying policy benefits. Defendant Insurance Company's acts, omissions, and conduct proximately caused Plaintiff harm.

### E. Insurance Code Violations

19. Plaintiff is a consumer.

20. Defendant Insurance Company can be sued under the Texas Deceptive Trade Practices Act, including Tex. Bus. & Com. Code § 17.41 *et seq*.

21. All information necessary to investigate and evaluate these claims has been timely and properly provided to Defendant Insurance Company, but Defendant Insurance Company has failed to promptly acknowledge, investigate, evaluate, accept, reject, settle and/or pay Plaintiff's claims, in violation of the Texas Insurance Code including Section 542.001.

22. Defendant Insurance Company has knowingly and/or intentionally violated the Texas Insurance Code including the provisions of Chapters 541 and 542 intended to protect insurance consumers from unfair methods of competition, unfair or deceptive acts or practices, and the failure to promptly pay claims, and particularly the provisions that prohibit unfair settlement practices by an insurance company in the handling and settlement of claims by its insureds.

23. Plaintiff seeks all available damages under common law and the Texas Insurance Code from Defendant Insurer, including actual damages, statutory penalties, mental anguish, court

costs, attorney's fees, treble damages, the amount of this claim, 18% interest per year on the claim, and reasonable attorney's fees.

24. Each of Defendant Insurance Company's acts and omissions, singularly or in combination with others, were producing causes of Plaintiff's damages.

F. **Breach Of Contract**

25. Defendant Insurance Company's conduct, acts, and/or omissions constitute breach of an insurance agreement to which Plaintiff was a party and/or beneficiary. The breaches have caused direct and consequential damages to Plaintiff.

G. **Request For Declaratory Relief**

26. Based on the facts and pursuant to the insurance policy in force and at the time of the Incident, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*.

27. Plaintiff requests a declaration construing the insurance contract, finding the amount of recoverable damages, and that:

- Plaintiff is entitled to underinsured motorists benefits.
- Defendant Driver is/was an underinsured motorist,
- Plaintiff is entitled to recover from Defendant damages resulting from the Incident
- Plaintiff's damages fall within the coverage afforded under the policy with Defendant

## VII.   INCORPORATION

28. All facts and allegations stated anywhere in this pleading are fully incorporated by reference in every aspect, section, and division of the pleading.

Certified Document Number: 70287763 - Page 6 of 9

## VIII. DAMAGES

29. Plaintiff seeks damages within the jurisdictional limits of this Court not to exceed $2,000,000 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

30. Plaintiff seeks damages to include:

- Compensatory damages
- Actual damages
- Consequential damages
- Lost future income
- Lost past income
- Past medical care
- Future medical care
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Past loss of household services
- Future loss of household services
- Past loss of consortium
- Future loss of consortium
- Interest on damages (pre- and post-judgment)
- Court costs
- Expert witness fees
- Deposition costs
- Attorneys' fees including under CPRC 37.009
- Exemplary damages
- Treble damages
- Other relief as the Court may deem just and proper

## IX. CONDITIONS PRECEDENT

31. All conditions precedent and proofs of loss have been performed or have occurred.

## X.  REQUEST FOR DISCLOSURE

32.  Plaintiff requests that Defendants timely disclose the information and materials required by Texas Rule of Civil Procedure 194.2(a)-(l).

33.  Plaintiff under TEX. R. CIV. P. 193.7 that all documents produced by Defendant pursuant to this disclosure request will be used at pretrial proceedings and at trial in this case.

## XI.  JURY DEMAND

34.  Plaintiff request a jury trial.  Tex. R. Civ. P. 216(a).

## XII.  PRAYER

Plaintiff requests that Defendants be cited to appear and answer, and that on final trial the Court will award Plaintiff the relief requested above and all other just relief.

MORROW & SHEPPARD LLP

*/s/ John D. Sheppard[1]*
John D. Sheppard
State Bar No.  24051331
jsheppard@morrowsheppard.com
Nicholas A. Morrow
State Bar No.  24051088
nmorrow@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX  77098
Telephone:  (713) 489-1206
Facsimile:  (713) 893-8370

***Attorneys for Plaintiff***

CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument has been served on the following counsel of record in accordance with the Texas Rules of Civil Procedure on May 17, 2016 as follows:

Brad Allen
Law Office of Gregory DeBernard

---

[1] I certify this was served electronically via email on opposing counsel the date it was filed.

200 Concord Plaza Drive, Suite 650
San Antonio, Texas 78216
Facsimile: 210-824-4992
brad.allen@usaa.com

                               */s/ John D. Sheppard*
                               JOHN D. SHEPPARD

Certified Document Number: 70287763 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 5, 2016

Certified Document Number:        70287763 Total Pages: 9

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

OFFICIAL BUSINESS
STATE OF TEXAS
PRIVATE USE

neopost
07/15/2016
US POSTAGE $005.53⁵

FIRST-CLASS MAIL



ZIP 78701
041L11253153